IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| PEDRO AGUIRRE | § | CIVIL ACTION NO. 7:15-CV-063 |
| | § | |
| VS. | § | |
| | § | |
| FORD MOTOR COMPANY | § | JURY REQUESTED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Pedro Aguirre file this his First Amended Complaint against Defendant Ford Motor Company and, in support of his causes of action, would respectfully show the following:

### I.
### PARTIES

1.1    Plaintiff Pedro Aguirre is and was a resident and citizen of the State of Texas and the Western District of Texas at all times relevant to this action.

1.2    Defendant Ford Motor Company is a Delaware for-profit corporation with its principal place of business in Michigan.  Ford Motor Company ("Ford") may be served with process through its counsel of record in this case, Mr. Ron Wamsted and Mr. Bill Mennucci, THOMPSON COE COUSINS & IRONS, L.L.P., 701 Brazos Avenue, Suite 1500, Austin, Texas 78701; and Mr. Lee Mickus, SNELL & WILMER, 1200 Seventeenth Street, Suite 1900, Denver, Colorado 80202.

1.3    There are no known responsible third parties to this action, as that term is defined by TEX. CIV. P. & REM. CODE § 33.011(6).

## II.
### JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between a plaintiff who is a citizen of Texas, and a Defendant that is incorporated in, and has its principal place of business in, states other than Texas, and the matter in controversy exceeds $75,000.00, exclusive of costs and interest.

2.2     This Court has personal jurisdiction over Ford Motor Company because Ford engages in foreseeable, intentional, continuous, and/or systematic contacts with Texas, and specifically within the Western District of Texas, so that it has sufficient minimum contacts, both in general and with regard to this specific action, such that exercising jurisdiction over Ford does not violate Ford's right to due process or offend the traditional notions of fair play and substantial justice.

## III.
### VENUE

3.1     Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the Western District of Texas.

3.2     Venue is also proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because Ford is a corporation that resides in this district pursuant to § 1391(d).

## IV.
### BACKGROUND FACTS

4.1     On or about March 25, 2014, 44-year-old Pedro Aguirre was driving his employer's 2006 Ford F-350 "Super Duty" pickup (V.I.N. 1FTWW31P56ED23753) (the

"subject vehicle") southbound on U.S. Highway 385 in Andrews County, Texas when he lost control of the subject vehicle and it rolled over.

4.2     At the time of the subject incident, Mr. Aguirre was properly utilizing his lap and shoulder restraint.

4.3     During the roll sequence, the subject vehicle's occupant protection failed. Specifically, the subject vehicle's roof collapsed, thus compromising the vehicle's occupant protection zone in addition to the efficacy of the subject vehicle's occupant restraint system, as equipped.

4.4     As a result of these failures, and despite the proper use of his seatbelt, Mr. Aguirre was rendered quadriplegic.

## V.
### CAUSES OF ACTION AGAINST DEFENDANT FORD

**A.     Strict Products Liability**

5.1     At all times material hereto, Defendant Ford was in the business of designing, developing, and distributing automobiles, including vehicles such as the Ford F-350 "Super Duty" pickup truck, and did design, develop, and distribute the subject vehicle.

5.2     Defendant Ford is thus the "manufacturer" of the subject vehicle within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable under the doctrine of strict products liability in tort for injuries, including deaths, produced by any defect in the subject vehicle arising out of the design of said vehicle.

5.3     The subject vehicle catastrophically injured Pedro Aguirre due to defects in the design of the subject vehicle.   Specifically, the subject vehicle's occupant protection and restraint systems were inadequate to protect consumers during

foreseeable rollover events, and thus rendered the vehicle unreasonably dangerous and defective, taking into consideration the utility of the subject vehicle and the risks involved in its use.

5.4     These defects were present in the subject vehicle at the time it left the possession of Ford.

5.5     These defects were producing causes of Pedro Aguirre's injuries and his resulting damages.

5.6     At the time the subject vehicle left the possession of Ford, there were safer alternative designs other than the designs used in the subject vehicle that would have increased occupant protection and restraint, and would have prevented or significantly reduced the risk of catastrophic injury during foreseeable rollover events including, but not limited to, a stronger roof, rollover-activated seatbelt pretensioners, and/or seat-integrated restraints.

5.7     These alternative designs were both economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge at the time the subject vehicle left the control of Ford, and were in fact utilized by Ford in other vehicles produced by the automaker for years prior to the manufacture of the subject vehicle.

**B.     Negligence**

5.8     On the occasion in question, Ford, by and through its officers, employees, agents and representatives, committed acts of omission and commission, which collectively and severally constituted negligence.

5.9     These acts include, but are not limited to, the following:

a.   Designing the subject vehicle with inadequate occupant protection for foreseeable rollover events;

b.   Failing to adequately test the subject vehicle's occupant protection system in rollover scenarios;

c.   Failing to implement alternative designs in the subject vehicle that would have made the vehicle's occupant protection characteristics during rollovers more robust and/or effective;

d.   Designing the subject vehicle with inadequate occupant restraint for foreseeable rollover events;

e.   Failing to adequately test the subject vehicle's occupant restraint system in rollover scenarios; and

f.   Failing to implement alternative designs in the subject vehicle that would have made the vehicle's occupant restraint characteristics during rollovers more robust and/or effective.

5.10   Plaintiff will show that these acts of omission and commission, when taken separately and/or together, constitute negligence as that term is understood at law.

5.11   Plaintiff will further show that the foregoing acts of negligence were proximate causes of Pedro Aguirre's injuries and his resulting damages.

## VI.
### TEXAS CIVIL PRACTICE & REMEDIES CODE § 82.008

6.1   No mandatory safety standard or regulation adopted and promulgated by the federal government or an agency of the federal government was applicable to the

subject vehicle at the time it was manufactured that governed any product risk that caused the catastrophic injuries suffered by Pedro Aguirre.

6.2     To the extent Ford attempts to rely on any standards or regulations of the federal government as a defense, Plaintiff hereby pleads that such standards or regulations were inadequate to protect against the risk of the injuries that occurred in this incident and/or Ford withheld or misrepresented information to the government regarding the adequacy of the safety standard alleged to be at issue.

## VII.
### DAMAGES

7.1     Plaintiff Pedro Aguirre seeks recovery only those damages on account of personal injuries or physical injuries or physical sickness within the meaning of Section 104 of the Internal Revenue Code of 1986, as amended, arising from the physical injuries that resulted from the allegations made in this case.

7.2     Plaintiff Pedro Aguirre specifically does not seek exemplary or punitive damages, pre-judgment or post-judgment interest, or recovery for non-physical injuries.

## VIII.
### CONDITIONS PRECEDENT

8.1     All conditions precedent to Plaintiff's right to recover herein and to Ford's liability have been performed or have occurred.

## IX.
### PRAYER

9.1     Plaintiff Pedro Aguirre prays that Defendant Ford Motor Company answer for its tortious conduct, that this case be set for trial, and that Plaintiff recovers a judgment of and from Ford Motor Company for only those damages on account of personal injuries or physical injuries or physical sickness within the meaning of Section

104 of the Internal Revenue Code of 1986, as amended, arising from the physical injuries

that resulted from the allegations made in this case.

Respectfully submitted,


By:     /s/ *Hunter Craft*
        **J. Hunter Craft**
        Attorney-in-Charge
        State Bar No. 24012466
        Federal Bar No. 24377
        **Laura A. Cockrell**
        State Bar No. 24082836
        Federal Bar No.  1691710
        2727 Allen Parkway, Suite 1150
        Houston, Texas 77019
        Telephone:    713.225.0500
        Telefax:        713.225.0566
        Email:          hcraft@craftlawfirm.com
        Email:          lcockrell@craftlawfirm.com

**OF COUNSEL:**
**CRAFT LAW FIRM, P.C.**


                        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served to all counsel of record on November 4, 2015 in accordance with the Federal Rules of Civil Procedure:

Ronald D. Wamsted                                                                 *Via Email:*
Bill Mennucci                                                     *rwamsted@thompsoncoe.com*
**THOMPSON COE COUSINS & IRONS, L.L.P.**        *bmennucci@thompsoncoe.com*
701 Brazos Avenue, Suite 1500
Austin, Texas  78701
Telephone:  (512) 708-8200
*Attorney for Defendant Ford Motor Company*


Lee Mickus                                                                        *Via Email:*
**SNELL & WILMER**                                                  *lmickus@swlaw.com*
1200 Seventeenth Street, Suite 1900
Denver, CO 80202
Telephone: (303) 634-2000
*Attorney for Defendant Ford Motor Company*


                                                      */s/ J. Hunter Craft*
                                                      Hunter Craft